UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TERESA RENITA BURWELL,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT et al.,<br><br>Defendants. | Case No.: 2:21-cv-01901-RFB-EJY<br><br>**ORDER<br>and<br>REPORT AND RECOMMENDATION** |

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* and Complaint. ECF Nos. 1 and 1-1.

**I.   *IN FORMA PAUPERIS* APPLICATION**

On October 14, 2021, Plaintiff, a non-inmate individual, filed an application to proceed *in forma pauperis*. The application is complete and Plaintiff will be allowed to proceed *in forma pauperis*

**II.   SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*)

A. <u>Plaintiff's Complaint</u>.

Plaintiff's Complaint alleges ADA and First Amendment claims in connection with the events of August 7 and 8, 2021. ECF No. 1-1 at 4. On that date, Plaintiff says two police officers came to her house after she called 911 reporting a domestic dispute with her son. *Id.* Plaintiff contends she was arrested after she threatened to buy a gun and shoot her son in front of the officers. *Id.* at 8. Plaintiff does not dispute that she made the threat, but argues that she was wrongfully arrested in violation of her First Amendment rights. As a result of the arrest, Plaintiff was incarcerated for 30 hours in Clark County Detention Center ("CCDC"). *Id.* at 5.

Plaintiff claims that she "wasn't given proper accommodations for [her] physical disability" while in CCDC despite putting the facility on notice of various injuries, including a recent spinal surgery to address multi-level disc compromise. *Id.* at 9-10. Plaintiff states she was booked, "triaged by medical," placed in the medical holding cell, after which she was not administered her "pain management" medication, which she needed due to the surgery. *Id.* Plaintiff complains that she has "a restriction for sitting and standing" and that "the strain of sitting and laying on hard concrete" exacerbated her injuries. *Id.* Plaintiff alleges that the experience caused her recovery to regress and exacerbated her spinal pain. *Id.* at 11. Plaintiff also alleges emotional trauma arising from spending time in jail. *Id.* Plaintiff asks for $300,000 in actual and punitive damages.

B. <u>Plaintiff fails to state a claim for retaliatory arrest under the First Amendment</u>.

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must allege more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A claim for retaliatory arrest under the first amendment fails as a matter of law where police had probable cause for the arrest. *Nieves v. Bartlett*, 587 U.S. __; 139 S.Ct. 1715 (2019); *Capp v. Cty. of San Diego*, 940 F.3d 1046, 1056 (9th Cir. 2019). "Plaintiffs bringing 'First Amendment retaliatory arrest claims' must generally 'plead and prove the absence of probable cause.'" *Capp*, 940 F.3d at 1056, *quoting Nieves*, 139 S.Ct. at 1723. In her Complaint, Plaintiff states that she yelled in front of an officer "that if [her son] came back, [she] was going to by [sic] a gun and shoot him." ECF No 1-1 at 8. The officer then told her the threat constituted a misdemeanor offense and arrested her. *Id.* NRS 200.571(1)(a)(1) creates a misdemeanor offense where a person knowingly threatens to "cause bodily injury in the future to the person threatened or to any other person" without lawful authority.

Importantly, Plaintiff does not dispute that she made the threat, but rather states that she was upset and that she "meant to say if he comes back fighting me." *Id.* However, Plaintiff does not plead the absence of probable cause with respect to her arrest. Rather, Plaintiff admits to threatening her son with bodily injury in front of the officer and gives no reason to believe the threat was not a knowing true threat made without lawful authority. Examining the face of Plaintiff's Complaint, the officer had probable cause to arrest Plaintiff for a violation of NRS 200.57(1)(a)(1) when Plaintiff threatened to shoot and kill her son. Because Plaintiff did not plead the absence of probable cause for the arrest, Plaintiff's First Amendment retaliatory arrest claim fails as a matter of law. The Court therefore recommends dismissal of this claim without prejudice and with leave to amend.

C. <u>Plaintiff fails to state a claim under the ADA.</u>

   i. *The ADA does not permit Plaintiff to sue individuals for money damages.*

Title II of the ADA applies to prisons and incarcerated persons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206 (1998). However, a plaintiff cannot vindicate rights created by Title II of the ADA by asserting claims against defendants in their individual capacities under 42 U.S.C. § 1983. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Instead, the proper defendant in a Title II claim is the public entity responsible for the alleged discrimination. *United States v. Georgia*, 546 U.S. 151, 153-54 (2006). To the extent Plaintiff names any individual defendants in her Title II ADA claim, these defendants must be dismissed with prejudice.

### ii. *Plaintiff cannot sue CCDC.*

CCDC is a building, not an "entity capable of suing or being sued." *Yates v. NaphCare*, Case No. 2:12-cv-01865-JCM, 2013 WL 4519349, at *3 (D. Nev. Aug. 23, 2013) (dismissing plaintiff's complaint against Clark County Detention Center). The Court therefore recommends dismissal of Clark County Detention Center from this action with prejudice.

### iii. *Plaintiff fails to allege facts supporting a violation of the ADA.*

Even assuming a proper defendant, Plaintiff's Complaint does not contain facts establishing an ADA violation. Title II of the ADA states: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a). Disability means: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1); *see also Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 794 (9th Cir. 2001).

A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable modifications to rules, policies or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2); 28 C.F.R. § 35.104. Discrimination under Title II of the ADA includes a public entity's failure to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

A claim under Title II of the ADA thus requires a plaintiff to plead (1) she is an individual with a disability, (2) she is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by

4

reason of [his] disability. *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007) (internal quotation marks and citation omitted, alterations in original).

Plaintiff does not identify a service, program, or other available benefit from which she was excluded on the basis of disability. Further, Plaintiff received medical attention and specialized treatment upon arrival at the jail. ECF No. 1-1 at 9. "When [a] plaintiff has alerted the public entity to his need for accommodation," the public entity has a 'well settled' duty to 'undertake a fact-specific investigation to determine what constitutes a reasonable accommodation.' This duty requires the public entity 'to gather sufficient information from the [disabled individual] and qualified experts as needed to determine what accommodations are necessary.'" *Munoz v. California Dep't of Corr. & Rehab.*, 842 F. App'x 59, 62 (9th Cir. 2021), *quoting Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). The doctors at CCDC evaluated Plaintiff and determined that the appropriate reasonable accommodation was to place her in the medical cell. ECF No. 1-1 at 9. Plaintiff does not provide factual information suggesting further accommodation was warranted. Therefore, the Court defers to the assessment of the medical experts at the facility and recommends dismissal of the ADA claim without prejudice.

### III.   ORDER

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

### IV.   RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's complaint is DISMISSED without prejudice with leave to amend. Plaintiff shall have until **March 14, 2022** to file an amended complaint correcting the deficiencies identified above. If Plaintiff chooses to file an amended complaint, she shall write the word "Amended" above the words "Civil Rights Complaint" in the caption. Plaintiff is advised that if she files an amended complaint, that complaint must include all of the facts and all claims for relief Plaintiff seeks to assert because, upon filing an amended complaint, Plaintiff's original complaint no longer plays any role in this case.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file an amended complaint by or before **March 14, 2022**, the Court will recommend this matter be dismissed without prejudice.

DATED THIS 14 day of February, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).