UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERESA RENITA BURWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,<br><br>    Defendants. | Case No. 2:21-cv-01901-RFB-EJY<br><br>**ORDER** |

    Before the Court for consideration is the Report and Recommendation of the Honorable Elayna J. Youchah, United States Magistrate Judge, entered on February 11, 2022.[1] ECF No. 8. For the following reasons, the Court accepts and adopts the Report and Recommendation in part.

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Pursuant to Local Rule IB 3-2(a), objections were due by April 25, 2022. On April 25, 2022, Plaintiff filed an objection. ECF No. 9.

    The Magistrate Judge's Report and Recommendation recommends that the majority of the claims be dismissed with prejudice because amendment to these claims would be futile. The Report

---

[1] Due to an administrative error, there was a delay in the Court reviewing this Report and Recommendation.

recommends that Plaintiff's Title II Americans with Disabilities Act, 42 U.S.C. § 1986, and intentional infliction of emotional distress claims be dismissed with leave to amend.

The Court has conducted a *de novo* review of the Report and Recommendation and concurs with the Magistrate Judge's findings, reasoning, and recommendation in part. In the Plaintiff's timely filed Objection, she fails to address any of the issues identified within the Report. The Court further finds that, based on Plaintiff's factual allegations, she cannot state viable § 1986[2] and intentional infliction of emotional distress claims. Therefore, the Court finds that these claims too must be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that The Court **ADOPTS IN PART** Magistrate Judge Youchah's [8] Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's First and Fourth Amendment claims, 42 U.S.C. § 1986 claim, intentional infliction of emotional distress claim, and Due Process claim are **DISMISSED with prejudice** because amendment to these claims would be futile.

**IT IS FURTHER ORDERED** that Plaintiff's claims arising under NRS 171.137, 171.1231, 199.310, and 199.310, and NAC 171.137, 211.215, 211.320, and 211.340 are **DISMISSED with prejudice** because amendment to these claims would be futile.

**IT IS FURTHER ORDERED** that Plaintiff's Title II Americans with Disabilities Act claim is **DISMISSED without prejudice and with leave to amend**.

Plaintiff is granted one additional opportunity to file an amended complaint and plead a viable claim. If Plaintiff so chooses, **IT IS FURTHER ORDERED** that her next amended complaint must be titled "Second Amended Complaint."

The Second Amended Complaint must be filed before or on **December 8, 2025**, in accordance with Judge Youchah's November 6, 2025, Order (ECF No. 13). The Second Amended

---

[2] The Report's conclusion recommends both that Plaintiff's "42 U.S.C. § 1986 claim be dismissed *with prejudice* because amendment to these claims would be futile" and that "Plaintiff's 42 U.S.C. § 1986 claim be dismissed *without prejudice and with* leave to amend." ECF No. 8 at 8 (emphasis added). In another section of the Report, "[t]he Court recommends dismissal of this claim *without prejudice and without leave* to amend." Id. at 6 (emphasis added). Judge Youchah's most recent Order, filed on November 6, 2025, indicates that the § 1986 claim was recommended to be "dismissed *without prejudice and with leave* to amend;" the Court therefore reads the Report as recommending dismissal of this claim without prejudice and with leave to amend but finds that dismissal with prejudice is proper. ECF No. 13 at 1 (emphasis added).

- 2 -

Complaint must be complete in and of itself, meaning it must include all facts necessary (including identification of Defendants) to state the Title II ADA claim. No further amendments will be allowed. If the Second Amended Complaint is not received by the deadline, the Court will dismiss and close this case.

**IT IS FURTHER ORDERED** that the previous Report and Recommendation (ECF No. 3) is **DENIED AS MOOT**.

DATED: November 24, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**