UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TERESA RENITA BURWELL,

Plaintiff,

v.

OFFICER HEE, LAS VEGAS
METROPOLITAN POLICE DEPARTMENT,
and SHERIFF KEVIN MCMAHILL.

Defendants.

Case No.: 2:21-cv-01901-RFB-EJY

**ORDER**
**And**
**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's First Amended Complaint (the "FAC"). ECF No. 19. Plaintiff was previously granted *in forma pauperis* status (ECF No. 3) and, thus, the Court screens her FAC below.

**I.      The Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit*

*P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*  Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Plaintiff's Complaint

Plaintiff alleges she called Las Vegas Metropolitan Police Department (sometimes "Metro" or "LVMPD") after she and her son got into a domestic dispute and her son threw a deodorant tube hitting her in the head.  ECF No. 19 at 2.  Plaintiff was able to close the door to her home keeping her son out of the house while waiting for police to arrive, but she did not realize her grandson (her son's son) was still inside.  *Id.*  Plaintiff claims that when Metro arrived they allowed her son to sit across from her home on the sidewalk, mistreated her because of her sex, race, and disability, failed to properly investigate what occurred, and ultimately arrested her.  *Id.* at 2-3.  The arrest occurred after Plaintiff was so overcome with emotion based on the day's events that she stated: "I am going to buy a gun if you come back here hitting me, I will shoot you." *Id.* at 3.

Liberally construing Plaintiff's FAC, the Court finds she is attempting to sue Metro, Sheriff McMahill, and Officer Hee for a violation of 42 U.S.C. § 1983, malicious prosecution, racial profiling and discriminatory treatment under the Equal Protection Clause of the Fourteenth Amendment, and, potentially, a violation of the Fourth Amendment arising from her arrest.  ECF No. 19 at 7.

## III.   Discussion

### a.    42 U.S.C. § 1983 is Not a Cause of Action.

Plaintiff's First Claim for Relief alleges a violation of her civil rights under 42 U.S.C. § 1983 based on alleged acts of unidentified discrimination.  ECF No. 19 at 7.  However, Section 1983 does "'not itself [provide] a source of substantive rights,' but merely provides a 'method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor,* 490 U.S. 386, 393-94, (1989) (quoting

2

*Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)).  Thus, Plaintiff's First Claim for Relief fails to state a viable claim as a matter of law and must be dismissed with prejudice.

        b.      <u>Plaintiff States No Facts Supporting a Claim Against Las Vegas Metropolitan Police Department</u>.

LVMPD may not be held liable merely because it employs someone who may have violated another person's constitutional rights.  *Monell v. Dep't of Social Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978).  Thus, to the extent Plaintiff seeks to assert a claim against Metro based solely on the conduct of Officer Hee she cannot do so.

Under *Monell*, Metro can only be liable for the infringement of constitutional rights under limited circumstances not alleged in Plaintiff's Complaint.  436 U.S. at 690-95.  A plaintiff asserting a constitutional claim under *Monell* against a county entity such as Metro must, at a minimum, allege: (1) the plaintiff had "a constitutional right of which [s]he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to … constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted).  However, before a *Monell* claim will proceed to litigation, a plaintiff must further allege one of three liability theories. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam).  A local governmental entity like Metro may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004).  Alternatively, Metro may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted).  Finally, Metro may be liable under Section 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

Plaintiff's FAC alleges no facts evidencing that Officer Hee, the only individual officer identified by Plaintiff who may have been present at the time of the events about which she

complains, acted in accordance with an official policy or longstanding practice or custom of the LVMPD. Plaintiff offers no facts demonstrating Officer Hee was an official with final policy-making authority or that anyone with such authority ratified his alleged unconstitutional conduct. Moreover, there are no allegations regarding a policy violation or custom and practice. No one associated with Metro is said to have known anything about or been in any way involved in the events about which Plaintiff complains. In sum, the allegations in Plaintiff's FAC do not support a colorable claim of liability under *Monell*.

The Court finds, based on the detailed factual allegations offered by Plaintiff, she is unable to state a *Monell* claim against Metro and for this reason the Court recommends Metro be dismissed with prejudice from this case.

        c.      Plaintiff Pleads No Fact Supporting a Claim Against Sheriff McMahill.

Plaintiff mentions Sheriff McMahill in the caption of her FAC and in one other paragraph. In the one paragraph in which the Sheriff is mentioned, Plaintiff states only that he "is the sheriff and over seer for the defendant's department and is the point of contact for legal matters and does business at 400 S Martin Luther King Blvd, Las Vegas, NV 89106." ECF No. 19 ¶ 24. Sheriff McMahill may only be held liable under § 1983 as a supervisor of officers in his Department "if there exists either (1) his … personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between … [his] wrongful conduct and the constitutional violation." *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman v. County of San Diego,* 942 F.2d 1435, 1447 (9th Cir. 1991) (internal citation and quotation marks omitted).

Given there are no facts pleaded by Plaintiff in support of a claim that Sheriff McMahill played any role in any of the events that occurred on the day she called Metro and was arrested following her statement regarding buying a gun, the Court finds Plaintiff does not and cannot state a claim involving Sheriff McMahill's personal involvement in any constitutional deprivation alleged. The Court recommends dismissing Sheriff McMahill from this action with prejudice.

4

d.      Plaintiff Does Not State a Malicious Prosecution Claim.

At first blush, the Court notes Plaintiff does not name an assistant district attorney as a defendant in this case. In fact, Plaintiff says the Clark County District Attorney's Office dismissed the charge on which she was arrested. ECF No. 19 ¶ 21. Nonetheless, a malicious prosecution claim is not limited to a suit against prosecutors; such suits may also be pursued against others who have wrongfully caused charges to be filed. *Awabdy v. City of Adelanto,* 368 F.3d 1062, 1066 (9th Cir. 2004); *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1126-1127 (9th Cir. 2002). While the decision to file a criminal complaint is generally assumed to arise from determination by an independent prosecutor thereby precluding liability for those who participated in an arrest and or report that results in prosecution, *Awabdy,* 368 F.3d at 1067, the presumption of prosecutorial independence does not bar a section 1983 claim "against state or local officials who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Id*.

Here, Plaintiff alleges no facts that support a malicious prosecution claim against any of the named Defendants. Plaintiff admits the District Attorney's Office dismissed the charges against her belying the notion that there was pressure brought by Officer Hee, or anyone else associated with Metro, causing the initiation of legal proceedings. That is, the charges Metro may have filed with the Clark County District Attorney's Office were rejected and no proceedings commenced. Given these undisputed facts, the Court finds Plaintiff has not and cannot state a malicious prosecution claim. For this reason the Court recommends Plaintiff's malicious prosecution claim be dismissed with prejudice.

e.      Plaintiff's Racial Profiling Claim.

In order to state a claim for racial profiling in violation of the Equal Protection Clause "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's

5

protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994)). Said slightly differently, to state a racial profiling claim, "the plaintiff must establish that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose." *James v. City of Seattle,* Case No. C10–1612JLR, 2011 WL 6150567, at *13 (W.D. Wash. Dec.12, 2011) (citing *United States v. Armstrong,* 517 U.S. 456, 465 (1996)).

Plaintiff alleges she is a Black, disabled, woman who was discriminated against and "put under a microscope … [by] a group of men who bullied and harassed" her "until she had a lapse in judgment due to the heat of the moment and pushed her into the alleged crime she was arrested for." ECF No. 19 ¶ 20. Plaintiff says she asked the officers who arrived at her home to leave several times because "she did not want to deal with them any longer due to their behavior and hostile mannerisms." *Id*. ¶ 9. Plaintiff told the officers "they must beat their wives/girlfriends up … being there [sic] behavior was judgmental, accusatory, and dismissive to the facts at hand." *Id*. ¶ 10. All of this was said before Plaintiff states she was so overcome with emotions after her son assaulted her and the officers harassed her that she stated in front of the officers "I am going to buy a gun if you come back here hitting me, I will shoot you." *Id*. ¶ 14. Plaintiff says her pleas that this statement was in "distress," representing "a moment of weakness," and not said "correctly or in seriousness" were ignored. *Id*. ¶ 16.

Plaintiff, who is Black, alleges no facts supporting the assertion that officers were motivated by race-based animus. Indeed, Plaintiff seems to suggest her son is Black and was treated more favorably than she was. *Id*. ¶¶ 9, 12, 13, 17. Plaintiff says her "son was never handcuffed nor questioned about how the door got kicked in, or how the house got trashed, and even if he in fact hit" Plaintiff in the face. *Id*. ¶ 17. Plaintiff says an officer ignored the damages to her front door as he walked through it into her home. *Id*. 19 ¶ 7. When the allegations of more favorable treatment of Plaintiff's son are reviewed in light of Plaintiff's conclusory allegations regarding bias, prejudice and discrimination,[1] the Court finds Plaintiff has not stated a racial profiling claim.

---

[1] Specifically, Plaintiff states that the officers "were bias, prejudice, and aggressive" upon arrival (*id*. ¶ 9), and "defendants has a responsibility to provide equal protection to the plaintiff pursuant to the Equal Protection Clause of the Fourteenth Amendment, instead she was treated unfairly, harassed, and her rights violated (*id*. ¶ 19).

The Court nonetheless concludes it is not impossible for Plaintiff to potentially state a racial profiling claim under the Equal Protection Clause of the Fourteenth Amendment.  Thus, this claim is dismissed without prejudice and one, and only one, additional opportunity to amend.

  f.   <u>Plaintiff's Equal Protection Claim Based on Sex and Disability</u>.

The Equal Protection Clause states: "No state shall ... deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  Essentially, this clause requires that all persons similarly situated be treated alike.  *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439 (1985).  The Ninth Circuit holds that "[t]here is a constitutional right ... to have police services administered in a nondiscriminatory manner—a right that is violated when a state actor denies such protection to disfavored persons." *Estate of Macias v. Ihde,* 219 F.3d 1018, 1028 (9th Cir. 2000); *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 197 n. 3 (1989) ("The State may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause.").

While Plaintiff includes disability in her list of protected classes and the basis for alleged different treatment, she does not allege any facts identifying any event, action or inaction by the officers in her home related to disability.  ECF No. 19, *generally*.  The Court recommends Plaintiff's Equal Protection claim arising from her protected class—disabled—be dismissed with prejudice.

With respect to Plaintiff's allegations that she was treated different because she is a woman, Plaintiff compares herself to her son, who she alleges threw a deodorant tube hitting her in the face and kicked in her door, but was not handcuffed or arrested.  Plaintiff says the damages to her door was ignored and there was no inquiry into "how … [her] house got trashed" or whether her son hit her. *Id*. ¶¶ 17, 18,  Of course, Plaintiff admits she was arrested after making an ill-advised statement about buying and using a gun, which the Court does not ignore; however, Plaintiff states she immediately pleaded with officers to recognize that the statement was a mistake, not said seriously, and was the result of a great deal of stress. *Id*. ¶ 16.  When the totality of the allegations regarding treatment of Plaintiff's son are compared to the alleged conduct in which Plaintiff engaged, and given the alleged lack of police response to her son's conduct but her immediate arrest, the Court finds Plaintiff states sufficient facts to establish a facial violation of the Equal Protection Clause

based on sex. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 701 (9th Cir. 1988) *citing Thurman v. City of Torrington,* 595 F.Supp. 1521 (D. Conn. 1984) and stating it is "one of several district court decisions which have held that police failure to respond to complaints lodged by women in domestic violence cases may violate equal protection." This claim may proceed against Officer Hee.

g.  Plaintiff's Wrongful Arrest Claim.

"It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980) (internal quote marks and citations omitted). However, it is well established that "[p]robable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime." *Peng v. Mei Chin Penghu,* 335 F.3d 970, 976 (9th Cir. 2003) (quoting *United States v. Buckner,* 179 F.3d 834, 837 (9th Cir. 1999)). Here, Plaintiff states she told Metro officers, which she had allowed to enter her home, that she was going to buy a gun and shoot if "you come back here hitting me." Based on this phrasing, provided by Plaintiff, it is unclear whether Plaintiff was referring to the officers or her son who had thrown a deodorant tube at Plaintiff hitting her face. However, if it was reasonable for the officer to conclude the threat was made against them, then Plaintiff may well have engaged in conduct that violates Nevada law.

For example, NRS 199.300 makes it unlawful to "directly or indirectly, address any threat or intimidation to a public officer … if the threat or intimidation communicates the intent, either immediately or in the future" and the threat is one "[t]o cause bodily injury …. If no physical force or immediate threat of physical force is used in the course of the … making … the threat," conduct in violation of this statute is a gross misdemeanor. NRS 200.571 is a criminal statute and defines "Harassment," in relevant part, as "[w]ithout lawful authority, the person knowingly threatens: (1) To cause bodily injury in the future to the person threatened or to any other person; [or] (2) To cause physical damage to the property of another person." The Statute further requires that "[t]he person by words or conduct places the person receiving the threat in reasonable fear that the threat will be

8

carried out." NRS. 203.010, titled "Breach of Peace" makes it a misdemeanor to "maliciously and willfully disturb the peace or quiet of any neighborhood or person or family …."

Plaintiff does not state, and the Court does not know whether any of the statutes cited above prompted Metro to arrest Plaintiff after she stated she was going to buy a gun and shoot someone if they returned and hit her. The Court is also not in a position at this time to determine whether "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [Plaintiff] had committed a crime." Instead, the Court considers whether under the totality of the circumstances Plaintiff alleges sufficient information to support the conclusion that the officers lacked probable cause for her arrest. *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification."). To this end, the Court considers the allegations in paragraph 16 of Plaintiff's FAC in which she states she pleaded and provided explanation for her statement "that she was in distress[,] … had a moment of weakness, was tired from just having two major surgeries, … and did not" make her statement "correctly or in seriousness." ECF No. 19 ¶ 16.

Without deciding or expressing an opinion on the outcome of this matter, the Court finds the totality of the facts presented in Plaintiff's FAC states a facial violation of the Fourth Amendment based on an arrest without probable cause. This claim may proceed against Officer Hee.

**IV.    Order**

IT IS HEREBY ORDERED that Plaintiff's claim asserting racial profiling under the Fourteenth Amendment Equal Protection Clause is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's Equal Protection Clause claim alleging discriminatory treatment by Officer Hee based on sex is allowed to proceed.

IT IS FURTHER ORDERED that Plaintiff's Fourth Amendment claim alleging a "wrongful arrest," which is liberally construed as alleging an arrest without probable cause, is allowed to proceed against Officer Hee.

IT IS FURTHER ORDERED that Plaintiff is granted *one and only one* additional opportunity to file an amended complaint. If Plaintiff chooses to file an amended complaint, it must be titled "Second Amended Complaint" and it **must** include all facts supporting all causes of action (including those on which she is allowed to proceed) she seeks to allege against Officer Hee or any other Las Vegas Metropolitan Police Department officer. That is, if Plaintiff does not sufficiently restate a claim that is allowed to proceed through this Order, that claim will be lost (effectively no longer exist) as each new complaint filed by Plaintiff completely replaces the prior complaint such that it is like the prior complaint never existed.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a Second Amended Complaint, she **must** do so no later than **March 2, 2026**.

Plaintiff is advised that if she **chooses not to file a Second Amended Complaint** her First Amended Complaint **will proceed** on two claims against Officer Hee—Plaintiff's Equal Protection Clause claim alleging discriminatory treatment based on sex, and Plaintiff's wrongful arrest claim construed as alleging an arrest without probable cause in violation of the Fourth Amendment.

IT IS FURTHER ORDERED that the Clerk of Court **must** issue a summons for Officer Hee and deliver the same to the U.S. Marshal Service together with one copy of Plaintiff's Amended Complaint (ECF No. 19) and one copy of this Order.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff one USM-285 form. Plaintiff **must** return the form and complete information available for Officer Hee to the best of her ability to do so. The form is to be returned **no later than March 2, 2026** to:

> Gary G. Schofield
> U.S. Marshal, District of Nevada
> Lloyd D. George Federal Courthouse
> 333 Las Vegas Blvd. S., Suite 2058
> Las Vegas, Nevada 89101

IT IS FURTHER ORDERED that the Clerk of Court **must** send one copy of this Order, Plaintiff's First Amended Complaint (ECF No. 19), the Notice of Lawsuit and Request to Waive Service of Summons together with the Waiver of Service of Summons form (attached as Exhibit 1) to the General Counsel's Office at Las Vegas Metropolitan Police Department at m16091c@lvmpd.com and claims@lvmpd.com. The General Counsel's Office **must**, within 21

days of the issuance of this Order, file a notice advising Plaintiff and the Court whether it will accept service on behalf of Officer Hee.  If service cannot be accepted, the General Counsel's Office **must** file, under seal, and without serving Plaintiff, the last known address for Officer Hee.  If the last known address for Officer Hee is a post office box, the General Counsel's Office **must** attempt to obtain and provide the last known physical address.

If the General Counsel's Office accepts service of process for Officer Hee, the Defendant must file and serve an answer or other response to the First Amended Complaint (Docket No. 19) no later than 60 days after the date of this Order.

IT IS FURTHER ORDERED that no service attempt is required by the U.S. Marshal Service until 31 days after this Order is entered.  This is to allow time for the Las Vegas Metropolitan Police Department to indicate whether it will accept service on behalf of Officer Hee.

**V.      Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's first claim for relief alleging a violation of 42 U.S.C. § 1983 be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that the Las Vegas Metropolitan Police Department be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Sheriff McMahill be dismissed from this action with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's malicious prosecution claim be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Equal Protection Clause claim alleging discriminatory treatment by Las Vegas Metropolitan Police Department based on disability be dismissed with prejudice.

Dated this 10th day of February, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TERESA RENITA BURWELL,<br><br>     Plaintiff,<br><br>v.<br><br>OFFICER HEE, LAS VEGAS<br>METROPOLITAN POLICE DEPARTMENT,<br>and SHERIFF KEVIN MCMAHILL,<br><br>     Defendants. | Case No. 2:21-cv-01901-RFB-EJY<br><br>**RULE 4 NOTICE OF A LAWSUIT AND<br>REQUEST TO WAIVE SERVICE OF<br>SUMMONS** |

TO:   Defendant Officer Hee
      c/o Las Vegas Metropolitan Police Department
      400 S. Martin Luther King Blvd., Bldg. B
      Las Vegas, NV 89106

A lawsuit has been filed against you or individuals/entities which you represent in this Court under the number shown above.  A copy of the Amended Complaint (ECF No. 19) is attached.  This is not a summons or an official notice from the Court.  It is a request that, to avoid the cost of service by the United States Marshals Service, Defendant waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, Defendant must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendant was served on the date the waiver is filed, but no summons will be served, and Defendant will have 60 days from the date this notice is sent to respond to the Amended Complaint.  If Defendant does not return the signed waiver within the time indicated, the Court will order the United States Marshals Service to personally serve the summons and Amended Complaint on Defendant and may impose the full costs of such service.  Please read the statement below about the duty to avoid unnecessary expenses.

Dated: February 10, 2026

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

14

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and Amended Complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the Court has no jurisdiction over this matter or over a defendant or a defendant's property.

If the waiver is signed and filed, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must—within the time specified on the waiver form—serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the Court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TERESA RENITA BURWELL,

     Plaintiff,

v.

OFFICER HEE, LAS VEGAS
METROPOLITAN POLICE DEPARTMENT,
and SHERIFF KEVIN MCMAHILL,

     Defendants.

Case No. 2:21-cv-01901-RFB-EJY

**RULE 4 WAIVER OF SERVICE OF SUMMONS**

TO:    The United States District Court for the District of Nevada

The following Defendant(s) acknowledge receipt of your request to waive service of summons in this case. Defendant(s) also received a copy of the Amended Complaint (ECF No. 19). I am authorized by the following Defendant(s) to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following be served with judicial process in the case provided by Rule 4 of the Federal Rules of Civil Procedure:

_____ ;    _____ ;

_____ ;    _____ ;

The above-named Defendant(s) understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service. Defendant(s) also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and that default judgment will be entered against them if they fail to do so.

Date:_____

_____
(Signature of attorney or unrepresented party)

_____
Printed name

Address:_____

Email Address:_____

Telephone Number:_____

16