UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TERESA RENITA BURWELL,

Plaintiff,

v.

OFFICER HEE, LAS VEGAS
METROPOLITAN POLICE DEPARTMENT,
and SHERIFF KEVIN MCMAHILL.

Defendants.

Case No.: 2:21-cv-01901-RFB-EJY

**ORDER**

On March 2, 2026, Plaintiff requested and the Court granted an extension of time to complete the USM-285 form necessary to effect service on Defendant Officer Hee. On March 3, 2026, a waiver of service was filed on Hee's behalf. ECF No. 25. Plaintiff is no longer required to complete and deliver the USM-285 form to the U.S. Marshal Service for Defendant Hee.

Plaintiff has now filed a Second Amended Complaint in which she again names Defendant Hee and reasserts claims against Las Vegas Metropolitan Police Department and Sheriff McMahill. "The screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint." *See Caballero v. Aranas*, Case No. 3:19-cv-00079-MMD-CLB, 2020 WL 3546853, at *2 (D. Nev. June 29, 2020); *see also Nordstrom v. Ryan*, 762 F.3d 903, 906, 907 & n.1 (9th Cir. 2014) (characterizing screening under § 1915A as the "pre-answer screening stage"). The Court may screen a prisoner's later filed amended complaint on a "case-by-case basis." *Caballero*, 2020 WL 3546853 at *2, *citing Mwanza v. Foster*, Case No. 3:14-cv-00331-MMD-WGC, 2015 WL 5123410, at *6 (D. Nev. Sep. 1, 2015) (denying a motion for screening and "noting that Congress' intent in adopting the screening provisions of the PLRA was to 'conserve judicial resources by authorizing district courts to dismiss non-meritorious prisoner complaints at an early stage."). Here, the Court finds screening the Second Amended Complaint, the third filing of a complaint by Plaintiff, is an improper use of judicial resources.

Accordingly, IT IS HEREBY ORDERED that Plaintiff **must** serve the Second Amended Complaint (ECF No. 26) on Defendant Hee by **mailing a complete copy** to:

Lyssa S. Anderson
Kristopher J. Kalkowski
Kaempfer Crowell
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

IT IS FURTHER ORDERED that Defendant Hee's response to the Second Amended Complaint is due on or before **May 4, 2026**.

IT IS FURTHER ORDERED that the USM-285 form is no longer required for Defendant Hee.

IT IS FURTHER ORDERED that the Clerk of Court **must** send two copies of this Order, Plaintiff's Second Amended Complaint (ECF No. 26), the Notice of Lawsuit and Request to Waive Service of Summons together with the Waiver of Service of Summons form (attached as Exhibit 1) to the General Counsel's Office at Las Vegas Metropolitan Police Department at m16091c@lvmpd.com and claims@lvmpd.com.

The General Counsel's Office **must**, within 21 days of the issuance of this Order, file a notice advising Plaintiff and the Court whether it will accept service on behalf of Defendants Sheriff Kevin McMahill and Las Vegas Metropolitan Police Department. If the General Counsel's Office accepts service of process for these Defendants, they must file and serve an answer or other response to the Second Amended Complaint (ECF No. 26) no later than 60 days after the date of this Order.

Dated this 5th day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TERESA RENITA BURWELL, | Case No. 2:21-cv-01901-RFB-EJY |
| Plaintiff, | **RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS** |
| v. | |
| OFFICER HEE, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, and SHERIFF KEVIN MCMAHILL, | |
| Defendants. | |

TO:    Defendant Sheriff Kevin McMahill and
        Las Vegas Metropolitan Police Department
        400 S. Martin Luther King Blvd., Bldg. B
        Las Vegas, NV 89106

A lawsuit has been filed against you or individuals/entities which you represent in this Court under the number shown above. A copy of the Second Amended Complaint (ECF No. 26) is attached. This is not a summons or an official notice from the Court. It is a request that, to avoid the cost of service by the United States Marshals Service, Defendants waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, Defendants must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants was served on the date the waiver is filed, but no summons will be served, and Defendants will have 60 days from the date this notice is sent to respond to the Second Amended Complaint. If Defendants do not return the signed waiver within the time indicated, the Court will order the United States Marshals Service to personally serve the summons and Second Amended Complaint on Defendants and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

Dated: March 5, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and Amended Complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the Court has no jurisdiction over this matter or over a defendant or a defendant's property.

If the waiver is signed and filed, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must—within the time specified on the waiver form—serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the Court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TERESA RENITA BURWELL,

     Plaintiff,

v.

OFFICER HEE, LAS VEGAS
METROPOLITAN POLICE DEPARTMENT,
and SHERIFF KEVIN MCMAHILL,

     Defendants.

Case No. 2:21-cv-01901-RFB-EJY

**RULE 4 WAIVER OF SERVICE OF SUMMONS**

TO:    The United States District Court for the District of Nevada

The following Defendant(s) acknowledge receipt of your request to waive service of summons in this case.  Defendant(s) also received a copy of the Amended Complaint (ECF No. 26).  I am authorized by the following Defendant(s) to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following be served with judicial process in the case provided by Rule 4 of the Federal Rules of Civil Procedure:

_____ ;    _____ ;

_____ ;    _____ ;

The above-named Defendant(s) understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.  Defendant(s) also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and that default judgment will be entered against them if they fail to do so.

Date:_____

 

 

                        _____
(Signature of attorney or unrepresented party)

_____
Printed name

Address:_____

Email Address:_____

Telephone Number:_____

6